The record shows that Rosa Mae Howard's husband was diagnosed with cancer in December 1983 and was hospitalized for three brief periods until his death, caused by cancer, in January 1984. During that time, Howard paid premiums to Mutual Savings for several health insurance policies then in effect on her husband and her.
In deposition, Howard testified that she talked with Mutual Savings officers approximately a week after her husband's death, because, she said, she "did not feel they had paid where the insurance man told us that they would." She further testified as follows:
"Q. And what prompted you to go to Mutual Savings?
 "A. Well, I got a bill from the hospital, and they were saying I owed so much and so much and so much. . . . [A]nd I said, well, my goodness, some of these insurances ain't paid a thing.
 "Q. How did you know which insurance policies had paid and which ones had not?
"A. They never sent me a receipt or nothing.
 "Q. So you didn't know which ones paid or had not paid; is that correct?
 "A. No, I was not aware of how much they [were] going to pay, but I knew they [were] supposed to pay, and the manager wouldn't even talk to me. I asked him would they pay and he said it has paid all they [were] going to pay.
". . . .
 "Q. And you knew at that time that you had that conversation or that you had a firm conviction in your mind that Mutual Savings wasn't paying what it should pay under the policy?
 "A. That's true, that's the reason I dropped the rest of it.
 "Q. And it was your belief, at that time, that there were claims under the policies that should have been paid that were not paid?
"A. That's right."
Howard stated that she did not inquire further as to the exact nature of her coverage and thereafter allowed the policies to lapse because she felt that Mutual Savings had not paid what it had promised to.
I disagree with Howard's argument that her suspicion of fraud was merely a "feeling" and was not supported by facts until 1990, when she asked an attorney to look into the matter. According to her own testimony, her "feeling" arose from the fact that Mutual Savings did not pay all of her husband's hospital bills. Her suspicions then grew stronger, she indicated, after her conversation with the Mutual Savings officer. From this, it is clear that she had actual knowledge in February 1984 of facts that should have alerted her to a possible fraud. The statutory period of limitations began to run at that time, and it expired in 1986.
In my opinion, the trial court properly determined that Howard's claim was time-barred. I, therefore, respectfully dissent. *Page 385